[No. 8352–0–I.   Division One.   April 21, 1980.]

*In the Matter of the Personal Restraint of*
CEDRIC KEITH WHITE, *Petitioner.*

*David F. Stobaugh* and *Bendich, Stobaugh & Strong,* for petitioner.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondent.

CALLOW, C.J.—Cedric White was sentenced to the Department of Social and Health Services following revocation of his probation in 1977 on a 1975 robbery conviction. The Board of Prison Terms and Paroles set his minimum term at 10 years under the authority of RCW 9.95.040.

White initially filed this personal restraint petition directly with the Washington State Supreme Court on June 5, 1979. The matter was subsequently transferred to this division for further proceedings in accordance with the decision of *In re Sinka,* 92 Wn.2d 555, 599 P.2d 1275 (1979). The matter was referred to a panel for determination on the merits. RAP 16.11(b).

White raises the following issues: (1) Should the Board of Prison Terms and Paroles hold a hearing to set a new minimum term because he was denied due process of law in his original minimum term setting hearing? (2) At such a hearing, is he entitled to assistance of counsel? (3) Pursuant to 42 U.S.C § 1988, is his counsel entitled to a reasonable attorney fee as prevailing party?

After oral argument in this court, the Board of Prison Terms and Paroles held a hearing on March 12, 1980, set a new minimum term and paroled White to Arizona. Therefore, White's first two issues are moot and need not be considered. The remaining issue is whether White's counsel is entitled to reasonable attorney's fees.

White argues that since this action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, counsel is entitled to an award of reasonable attorney's fees under 42 U.S.C. § 1988.

42 U.S.C. § 1983 (1976) provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1988 (Supp. 1974) provides in relevant part:

In any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ The State argues that 42 U.S.C. §§ 1983 and 1988 are inapplicable to this proceeding in view of the decision in *Preiser v. Rodriguez,* 411 U.S. 475, 36 L. Ed. 2d 439, 93 S. Ct. 1827 (1973). We agree. In *Preiser,* the court held at page 500:

What is involved here is the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus. Upon that question, we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

This action was originally filed as a personal restraint petition under RAP 16.4. Under prior law, this would have been filed as a writ of habeas corpus, and not within the scope of the Civil Rights Act. Accordingly, counsel's motion for attorney's fees is denied.

ANDERSEN and DURHAM–DIVELBISS, JJ., concur.