Raymond S. LARSEN,
Plaintiff-Appellant,

v.

Allyn R. SIELAFF and Thomas R. Israel, Defendants-Appellees.

No. 81–2506.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 16, 1983.

Decided March 15, 1983.

Rehearing and Rehearing En Banc Denied April 11, 1983.

---

Richard J. Habiger, Prison Legal Aid School of Law, Southern Illinois University, Carbondale, Ill., for plaintiff-appellant.

Karen Konieczny, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before BAUER, WOOD and POSNER, Circuit Judges.

POSNER, Circuit Judge.

This appeal—nominally by the plaintiff in a prisoner's civil rights suit, really by his counsel—from a federal magistrate's order denying an application for attorney's fees under 42 U.S.C. § 1988, requires us to decide a novel question under that statute.

The plaintiff brought suit under 42 U.S.C. § 1983 against officials at the state prison where he is incarcerated, alleging that they had violated his civil rights in a prison disciplinary proceeding. The suit asked for restoration of the year of statutory good time that had been taken away from him as one of the sanctions meted out in the disciplinary proceeding, and also asked for damages and other relief. The district court ruled that the plaintiff could get his good time restored only in a habeas corpus proceeding, *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and gave him leave to amend his complaint accordingly. The plaintiff (represented by counsel) amended it to delete the request for restoration of good time. The parties later settled the suit, and a consent decree was entered. The decree restored the plaintiff's good time and expunged the disciplinary proceeding from his record but awarded him no damages.

The magistrate refused to award attorney's fees to the plaintiff's counsel. He reasoned as follows. Although the plaintiff had "achieved some relief from the consent decree," "there was no clear victor," the relief obtained by the plaintiff "could have been more expeditiously obtained through habeas corpus proceedings," and he therefore was not the "prevailing party" within the meaning of section 1988.

The magistrate was wrong if he thought the plaintiff was not the prevailing party just because he failed to obtain a *clear* victory. A plaintiff can "prevail" in a lawsuit without getting everything he asked for (few plaintiffs get everything they ask for), and if he can get it by a settlement, and thereby spare the parties and court the burden of trial, so much the better. *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980); *Dawson v. Pastrick,* 600 F.2d 70, 78–79 (7th Cir.1979); *Busche v. Burkee,* 649 F.2d 509, 521 (7th Cir.1981). The degree to which a plaintiff prevails and the amount of reasonable effort he must exert to prevail to that degree determine the amount of the attorney's fee that is reasonable, rather than whether he is entitled to any fee. There is no question that the consent decree gave the plaintiff here a significant part of what he had originally sought.

The novelty of this case is that the main relief ordered in the consent decree—the restoration of the plaintiff's good time—was beyond the court's power to decree in a suit under section 1983. The Supreme Court held in *Preiser* that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500, 93 S.Ct. at 1841. See also *Wolff v. McDonnell,* 418 U.S. 539, 554–55, 94 S.Ct. 2963, 2972–73, 41 L.Ed.2d 935 (1974). True, a consent decree is not invalid, and certainly not void, merely because it provides relief beyond what is forbidden in the statute under which the plaintiff sued. See, e.g., *Swift & Co. v. United States,* 276 U.S. 311, 330–31, 48 S.Ct. 311, 316–17, 49 L.Ed. 518 (1928). But this is because an equitable decree properly may prohibit more than what the statute on which the decree is based prohibits, in order more completely to restore the status quo ante, or more securely to prevent a repetition of the alleged violation by making the decree easy to administer. See, e.g., *FTC v. National Lead Co.,* 352 U.S. 419, 429–30, 77 S.Ct. 502, 509–10, 1 L.Ed.2d 438 (1957). If the consent decree provides a type of relief not available in the proceeding that the plaintiff brought, the decree may be void. See *United States v. Walker,* 109 U.S. 258, 266, 3 S.Ct. 277, 282, 27 L.Ed. 927 (1883) ("Although a court may have jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void"); *Lloyd v. Loeffler,* 694 F.2d 489, 493–94 (7th Cir. 1982).

There is, though, a very natural judicial reluctance to pronounce judgments void, see, e.g., *Ben Sager Chemicals Int'l v. E. Targosz & Co.,* 560 F.2d 805, 812 (7th Cir.1977); *Kansas City So. Ry. v. Great Lakes Carbon Corp.,* 624 F.2d 822, 825 (8th Cir.1980), because of the effect of such a pronouncement on the finality of judgments; and of course a judgment could be void for some purposes and not for others. But we need not explore these mysteries in this case. It is enough to point out that section 1988, which authorizes attorney-fee awards only in civil rights cases, does not allow such awards in habeas corpus proceedings, because—we know from *Preiser* —they are not civil rights actions. *In re White,* 25 Wash.App. 911, 913, 612 P.2d 10,

11 (1980). Therefore, if a suit nominally brought under section 1983 terminates in a consent decree that provides relief only available in a habeas corpus proceeding, functionally it is a habeas corpus proceeding and section 1988 is inapplicable.

A complication is added by the fact that the plaintiff got the disciplinary proceeding expunged, as well as good time restored. "Expungement" has been ordered in at least one section 1983 case, *McKinnis v. Mosely,* 693 F.2d 1054, 1055, 1057 (11th Cir. 1982) (per curiam), though without discussion of the point. But it is more commonly ordered in habeas corpus actions, see, e.g., *McCollum v. Miller,* 695 F.2d 1044, 1047 (7th Cir.1982), and that is the only type of action in which it can be ordered if the plaintiff wants to expunge the disciplinary proceeding from his record in order to shorten his present or any future imprisonment. *Stevens v. Heard,* 674 F.2d 320 (5th Cir.1982), so holds: the plaintiff's "request that the detainers be expunged clearly challenges any future confinement arising from the two convictions in Harris County. *Preiser* requires that he raise this claim in a petition for habeas corpus relief." *Id.* at 323–24. In this case, too, "expungement" was sought to reduce the length of the plaintiff's imprisonment—indeed, as a predicate for getting good time restored. The plaintiff accepted the consent decree, in his counsel's words, because he "was within a few months of being eligible for parole consideration, but for the loss of his one year of statutory good time." He had no interest in pursuing this case as a civil rights case; he just "wanted out."

This was functionally a habeas corpus suit and nothing but a habeas corpus suit. Attorney's fees may not be awarded in such suits, and therefore the magistrate correctly denied the plaintiff's application— even though the plaintiff certainly prevailed in a meaningful sense, for whether or not the consent decree is void, the plaintiff's good time has been restored.

*Knighton v. Watkins,* 616 F.2d 795 (5th Cir.1980), is not necessarily contrary author-

ity. Although an award of attorney's fees was upheld in that case and it is very like this one, there is no indication that the defendants argued that the nature of the relief awarded to the plaintiff barred an award of attorney's fees, and the issue is not mentioned in the court's opinion.

Although we reject the magistrate's approach, his result was correct and the judgment denying attorney's fees is therefore

AFFIRMED.