**Dennis MACK, Plaintiff–Appellant,**

v.

**Thomas J. VARELAS, Sheriff of Nassau County, and John Doe, Deputy Sheriff of Nassau County, Defendants–Appellees.**

No. 195, Docket 87–2196.

United States Court of Appeals, Second Circuit.

Submitted Sept. 25, 1987.

Decided Dec. 22, 1987.

---

Dennis Mack, plaintiff-appellant pro se.

Edward T. O'Brien, Co. Atty. of Nassau County, Mineola, N.Y. (Joshua A. Elkin, Deputy Co. Atty., Mineola, N.Y., of counsel), for defendants-appellees.

Before LUMBARD, OAKES, and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff *pro se* Dennis Mack, who presently stands convicted in a New York State ("State") court on two counts of robbery, appeals from a final judgment of the United States District Court for the Eastern District of New York, Eugene H. Nickerson, *Judge*, dismissing his complaint filed under 42 U.S.C. § 1983 (1982), seeking damages totaling $761,060 from defendants sheriff and deputy sheriff (the "sheriffs") on the ground that their failure to comply with an order of the state trial court to produce a certain witness at Mack's trial deprived Mack of his Sixth Amendment right to present a defense. The district court, noting that Mack had appealed his robbery conviction and that that appeal remained pending, treated Mack's complaint as a petition for habeas corpus and dismissed it on the ground that Mack had failed to exhaust his state court remedies. On appeal, Mack contends that the district court should not have dismissed his complaint but should merely have stayed it pending the outcome of the state court appeals from the conviction. We agree and, accordingly, we vacate the judgment and remand for further proceedings.

## I. BACKGROUND

The record in the district court reveals the following events with regard to the state court proceedings against Mack. In 1983, Mack and one Rufus Jefferson were charged with first and second degree robbery. Jefferson pleaded guilty; Mack went to trial. On February 4, 1985, the third day of trial, Mack's attorney asked the court to order the State to produce Jefferson, who was then incarcerated, as a witness for the defense. On February 5, the trial judge ordered the State Department of Corrections to deliver Jefferson into the custody of the county sheriff and ordered the sheriff to produce Jefferson at the trial on or before February 7.

The sheriff's department failed to produce Jefferson by February 11, and on that date Mack moved for a continuance. The trial court denied the motion, stating that Mack's motion for the production of Jefferson had been unduly tardy and that it thought Jefferson's testimony was unlikely to be helpful to Mack because the court had been advised that Jefferson, in his own plea allocution, had inculpated Mack as well as himself. The trial was concluded without the testimony of Jefferson, and the jury found Mack guilty. Mack was sentenced to concurrent prison terms of six to twelve years and began serving his sentence on February 13, 1985. He appealed his conviction to the Appellate Division, and, so far as we are aware, that appeal is still pending. Mack remains confined.

Mack's *pro se* complaint in the district court alleged that the defendants' failure to produce Jefferson violated Mack's Sixth Amendment right to present witnesses in his own behalf. The complaint did not seek his release from prison but demanded punitive damages of $10,000 against each defendant plus compensatory damages in the amount of $180 per day of past and expected confinement from February 13, 1985, through May 26, 1996.

The district court, while noting that Mack disclaimed any challenge to the validity of his conviction or to the propriety of his custody, concluded that "any damage he suffered by the alleged inaction of defendants is dependent on a determination of the invalidity of his conviction." The court thus treated the present complaint as a petition for habeas corpus and dismissed it because Mack had failed to exhaust his state court remedies.

Mack moved for a modification of the order of dismissal, urging that the action simply be stayed until his state appeals

were exhausted. That motion was denied, and this appeal followed.

## II. DISCUSSION

On this appeal, Mack renews his contention that his present action should not have been dismissed but should merely be stayed until the completion of his state court appeals. For the reasons below, we agree.

### A. *The Nature of the Complaint*

■ A state prisoner may not bring a civil rights action in federal court under § 1983 to challenge either the validity of his conviction or the fact or duration of his confinement. Those challenges may be made only by petition for habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973) (barring prisoners' § 1983 suits seeking injunction against allegedly unconstitutional revocation of "good time" credits where that relief would result in reducing the length of plaintiffs' confinement). A federal habeas petition, of course, may not be entertained until the petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b) (1982); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

■ In contrast, a civil rights action for damages, insofar as it does not also seek to void or shorten the term of imprisonment, is not a challenge that should be made by means of a habeas petition:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy.

*Preiser v. Rodriguez,* 411 U.S. at 494, 93 S.Ct. at 1838 (emphasis in original); *see Wolff v. McDonnell,* 418 U.S. 539, 554–55, 94 S.Ct. 2963, 2973–74, 41 L.Ed.2d 935 (1974) (though inmates' request for injunctive relief that would speed their release could not be granted in § 1983 action, their

constitutional claim for damages was properly entertained). Such a damages action not only may be brought by a state prisoner in federal court under § 1983, it may be commenced "without any requirement of prior exhaustion of state remedies." *Preiser v. Rodriguez,* 411 U.S. at 494, 93 S.Ct. at 1838.

■ Mack's complaint is a civil rights complaint and is not properly characterized as a habeas petition. Though he complains that the defendants' failure to produce Jefferson violated his Sixth Amendment right and that "[t]his failure caused [Mack] to lose a[n] essential witness, thus causing [him] to be convicted and incarcerated," he stops short of alleging that his conviction is invalid, and he does not request that he be released from prison. Rather, the complaint assumes that Mack will remain confined for the entire length of the sentence, and it demands damages for each day of his ordered confinement. Were the present claim essentially a habeas petition, it would be mooted if Mack prevailed on appeal from his conviction; but in fact if Mack were to prevail on that appeal and he were then retried and acquitted, his present claim would not be mooted. Rather, his several years in prison would have been unwarranted and his claim for damages would remain for adjudication after his release by the state court.

Nor would an affirmance of Mack's conviction necessarily negate the basis for his claim for damages, for, as discussed in the following section, it is likely that the state appellate court will not reach the question of the propriety of the action or inaction by the sheriffs.

Accordingly, we conclude that Mack's claim for damages on the ground that the defendant sheriffs violated his constitutional rights by failing to produce the witness attacks something other than the fact or length of Mack's confinement, seeks something other than his immediate or more speedy release, and does not depend on the validity of his conviction. Treatment of the complaint as a petition for habeas corpus was thus not proper, and the case should

not have been dismissed for lack of exhaustion.

**B.** *The Appropriateness of Immediate Adjudication*

▮ The fact that the complaint should not have been dismissed for lack of exhaustion does not necessarily mean, however, that it should be adjudicated at this time. We conclude that a postponement of adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of Mack's claim.

To establish a prima facie case on his present claim, Mack would be required to prove, *inter alia,* that the sheriffs improperly failed to produce Jefferson prior to the end of trial and that that failure caused him injury. If the state appellate court were to vacate Mack's conviction and grant him a retrial at which Jefferson testified, and if Mack were again convicted, it would appear that his present complaint would fail for lack of injury since presumably he would receive credit for the time he had already spent incarcerated on account of the vacated conviction. In light of this possible sequence, it would be premature for the district court to attempt to adjudicate Mack's claim at this time.

Other state court sequences would be less conclusive because the existence or absence of injury would not be so plain. Further, none of the likely sequences can be expected to be dispositive on the question of the sheriffs' culpability, for in light of the record before it, the state appellate court will likely focus on the propriety of the trial court's action in denying a continuance in light of the facts known to it, a matter integral to the criminal trial, rather than on the propriety of the sheriffs' failure to produce Jefferson, a matter not explored at that trial. Neither an affirmance nor a reversal would necessarily determine whether there had been any impropriety on the part of the sheriffs. For example, the appellate court could conclude that the trial court, having ordered Jefferson's production, abused its discretion in failing to continue the trial until he was in fact produc-

ed. Such a ruling would not necessarily mean that the sheriffs were at fault; a fully developed record could show that they had taken all reasonable steps to gain custody of Jefferson and were forestalled by delay within the Department of Corrections. On the other hand, the appellate court could conclude that, in light of Mack's failure to make an earlier motion for Jefferson's production, the lower court did not abuse its discretion in refusing to adjourn the trial until Jefferson could be produced. This ruling would not necessarily mean that the sheriffs had been blameless, for further development of the record could show that they had arbitrarily refused to deliver Jefferson prior to the end of the unadjourned trial though it was within their ability to do so.

While none of the hypothetical sequences would determine whether or not the sheriffs had unduly delayed in producing Jefferson, the postponement of adjudication of Mack's present claim is warranted because a sequence leading to conviction at a new trial could definitively establish that Mack has suffered no injury.

**C.** *The Choice Between Dismissing and Staying the Action*

▮ If Mack's claim against the sheriffs were premature in the traditional sense, *e.g.,* if either the challenged conduct or the claimed injury had not yet occurred, it would be appropriate to dismiss the complaint, allowing it to be refiled upon the accrual of the cause of action. Mack's complaint is not premature in that sense. If he has a valid claim against the sheriffs, it is on account of their past conduct, and the injury to him began on February 13, 1985, when he was incarcerated as a result of the violation of his rights. Thus, his claim has already accrued. Our determination that the adjudication should not proceed until the state court criminal proceedings have been concluded is based on the prudential consideration that those proceedings may suffice to establish that Mack's incarceration does not constitute injury.

Since Mack's claim has accrued, the statute of limitations on its assertion has already begun to run. *See Singleton v. City of New York*, 632 F.2d 185, 189 (2d Cir. 1980) (§ 1983 cause of action for false arrest accrued on the date on which the incident occurred), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). We therefore conclude that the action should be stayed, rather than dismissed, pending termination of the state court criminal proceedings against Mack.

## CONCLUSION

The judgment of the district court is vacated, and the matter is remanded for further proceedings not inconsistent with this opinion.