**Joaquine MARTORELL,
#87A8465, Plaintiff,**

v.

**James McELWEE, Senior Parole Officer, James White, Parole Officer, William Goggins, Parole Officer, Anthony K. Umina, Commissioner, N.Y.S. Parole Board, Eugene S. Callender, Commissioner, N.Y.S. Parole Board, Rodriguez Rivera, Chairman, N.Y.S. Parole Board, Defendants.**

No. 91 Civ. 4147 (CSH).

United States District Court,
S.D. New York.

July 2, 1992.

Joaquine Martorell, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City (Susan A. Winston, of counsel), for defendants.

## MEMORANDUM OPINION
## AND ORDER

HAIGHT, District Judge:

Plaintiff, a New York State prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against defendants who are involved in the state parole system. Plaintiff contends that his parole hearing was constitutionally flawed. He requests immediate release on parole and compensatory damages.

Defendants McElwee, White, Goggins, and Umina now move under Rule 12(b)(6), Fed.R.Civ.P., to dismiss the complaint for failure to state a claim upon which relief can be granted [1]. Unaccountably, the moving defendants do not question the Court's subject matter jurisdiction. The Court addresses this issue *sua sponte*.

### Background

Plaintiff Joaquine Martorell is an inmate at the Mid–Orange Correction Facility in Westchester County, New York. He is serving an indeterminate sentence of four years to life for Criminal Sale of a Controlled Substance in the second degree, involving five kilos of cocaine. After serving nearly four years, plaintiff had a hearing before the New York State Parole Board ("The Board"). Presiding over the Board were Commissioners Anthony K. Umina and Eugene S. Callender. Also present at the hearing were Senior Parole Officer James McElwee, Parole Officers James White and William Goggins, and Parole Program Aide Ruth Miller.

After interviewing plaintiff, Commissioners Umina and Callender denied him parole. Hearing transcripts and the Board's Release Decision Notice indicate that plaintiff was not released because the seriousness of the instant offense, and his involvement in "serious institutional behavior including continued use of controlled substance." (Pl.Ex. F). The Board concluded that early release was incompatible with the welfare

of society, and that there was a reasonable probability that plaintiff would break the law if released.

Plaintiff alleges several violations of his rights:

(1) He was not able to adequately understand or respond to the Commissioners' questions because his command of the English language is limited. The Parole Officers present at the proceeding were aware of this fact and should have provided him with an interpreter.

(2) Statements made by Commissioner Umina indicate a racist attitude toward Hispanics.

(3) There is no factual basis for the Board's conclusion that he "continued" to involve himself with controlled substances. There was a second incident involving controlled substances, for which plaintiff received a Tier III punishment. However, the Tier III was reduced to a lesser punishment when prison authorities learned that he was using a prescription medication. As there was no "continued" use of controlled substances, the Board based its decision on inaccurate information.

(4) Other inmates charged with the same crime were granted parole.

Plaintiff's complaint demands the following relief:

To have a trial in this matter, in order to determine why the Plaintiff's minimum was extended by the within Defendant's by a period of twenty-four months and to be released immediately to parole if there is a finding of the Defendants' to be guilty of these allegations, and to have them pay me (the Plaintiff) $250,000 dollars for their wrongful doing in this matter. And to have them, the Defendants' show cause as to why they did not allow the Plaintiff an impartial interpreter in that Parole Adjudication Process.

---

1. According to counsel, defendants Eugene S. Callender and Rodriguez Rivera have not yet been served. The record indicates that plaintiff's service of notice of Callender was returned because he was no longer employed by the New York State Division of Parole. The Division of Parole also returned the summons mailed to Rodriguez Rivera, and notified plaintiff that the name of the former Chairman of the Division of Parole is Ramon J. Rodriguez.

*Discussion*

The first issue to be determined is whether this action can be maintained under § 1983 [2], or is more properly a writ of habeas corpus, subject to 28 U.S.C. § 2254(b) [3]. While both § 1983 and habeas corpus are designed to protect the rights of prisoners, there are important procedural and substantive differences between the two statutes. Section 1983 permits a prisoner to bring an action before the federal courts immediately. Habeas corpus, however, requires exhaustion of available state remedies before a federal court can consider the matter, *see Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Thus a determination that an action is a writ of habeas corpus may impact this Court's subject matter jurisdiction.

The Supreme Court considered the substantive distinction between habeas corpus and § 1983 in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In *Preiser,* state prisoners filed a § 1983 action seeking restoration of revoked good-time credits. The Court held that while the broad language of § 1983 could encompass suits seeking restoration of good-time, "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or the length of their confinement, and that specific determination must override the general terms of § 1983." *Id.* at 490, 93 S.Ct. at 1836. If the action is properly characterized as habeas corpus, the exhaustion requirements of § 2254(b) must first be satisfied. *Id.* at 492, 93 S.Ct. at 1837–38. In contrast, a § 1983 action "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at

499, 93 S.Ct. at 1841. The Court further explained the differences between § 1983 and habeas corpus:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly ... a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies. *Id.* at 494, 93 S.Ct. at 1838 (emphasis in original).

In a footnote, the Court commented on situations where a court is presented with both § 1983 and habeas corpus claims:

> If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim, under our decision today, is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies. But, consistent with our prior decisions, that holding in no way precludes him from simultaneously litigating in federal court, under § 1983, his claim relating to the conditions of his confinement. *Id.* at 499, n. 14, 93 S.Ct. at 1841, n. 14.

This holding was reiterated in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *Wolff* involved a § 1983 challenge to the conditions of confinement at a Nebraska prison. Specifically, the plaintiff in *Wolff* complained of the manner in which disciplinary proceedings were conducted, the legal assistance pro-

**2.** 42 U.S.C. § 1983 provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person in the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**3.** 28 U.S.C. § 2254(b) provides:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

gram, and the inspection of prisoners' mail. He sought restoration of good-time credits and money damages. The Court held that while restoration of good-time credits was foreclosed under *Preiser,* a prisoner could utilize the Civil Rights Act to seek damages because *Preiser* "expressly contemplated that claims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings." *Id.* at 554, 94 S.Ct. at 2974. At that point in the text, the Court dropped footnote 12: "One would anticipate that normal principles of *res judicata* would apply in such circumstances."

■ In the case at bar, Martorell cannot use a § 1983 action to challenge the duration of his confinement or to obtain his release on parole. Under *Preiser,* those claims may be made only by habeas corpus. *See Mack v. Varelas,* 835 F.2d 995, 998 (2d Cir.1987). However *Preiser* and *Wolff* also make it clear that there is no conceptual bar to a § 1983 action for damages proceeding simultaneously with a state proceeding required by § 2254(b) exhaustion. *Wolff's* footnote 12 further suggests that resolution of the former would have *res judicata* effect upon the latter.

Neither case squarely addresses the situation at bar, where a resolution of the § 1983 action in plaintiff's favor would arguably, under *res judicata,* automatically entitle plaintiff to be released from prison: the traditional remedy of habeas corpus.

A number of circuits have concluded that *Preiser* and *Wolff* do not exempt all § 1983 damages claims from § 2554(b) analysis. In *Crump v. Lane,* 807 F.2d 1394 (7th Cir.1986), the Seventh Circuit considered the case of a prisoner who filed a habeas corpus and a § 1983 action after being denied parole eight times. In vacating the prisoner's § 1983 claims, the Court held:

> The core of Crump's claim concerns the fact or duration of his confinement, and any award of damages would be entirely dependent upon the favorable resolution of that issue. Before Crump may properly maintain a § 1983 action for damages arising out of his allegedly illegal confinement, he must first exhaust his

state court remedies as required by 28 U.S.C. § 2254(b). *Id.* at 1401.

A similar result was reached in *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983). The Court refused to interpret *Preiser* as always permitting prisoners to simultaneously litigate § 1983 and habeas corpus claims. If the core of a prisoner's § 1983 claim goes to the length or duration of confinement "and any claim of damages is purely ancillary to and dependent on a favorable resolution of the length or duration of his sentence, the proceeding is in habeas." *Id.* at 73 (citing *Preiser,* 411 U.S. at 505, 93 S.Ct. at 1844) (Brennan, J., dissenting).

Following these decisions, three circuits held that a § 1983 suit must be considered a writ of habeas corpus if resolution of the factual and legal issues would entitle the prisoner to release, *See Tucker v. Carlson,* 925 F.2d 330 (9th Cir.1991); *Greene v. Meese,* 875 F.2d 639 (7th Cir.1989); *Spina v. Aaron,* 821 F.2d 1126 (5th Cir.1987). *See also, Hernandez v. Spencer,* 780 F.2d 504, 505 (5th Cir.1986) (prisoner must exhaust state remedies before pursuing § 1983 claim where the factual allegations of a complaint could give rise either to habeas relief or civil rights remedies); *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 681–82 (9th Cir.1984); *Larsen v. Sielaff,* 702 F.2d 116, 118 (7th Cir.), *cert. denied,* 464 U.S. 956, 104 S.Ct. 372, 78 L.Ed.2d 330 (1983) (§ 1983 suit where prisoner did not seek not restoration of good-time, but just "wanted out" was functionally "a habeas corpus suit and nothing but a habeas corpus suit"); *McKinnis v. Mosely,* 693 F.2d 1054, 1057 (11th Cir.1982) ("causes of action based on loss of such [good-time] credits are properly cognizable under habeas even when they also include a prayer for damages.").

In *Young v. Kenny,* 907 F.2d 874, 876 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991), the Ninth Circuit held that:

> habeas must be the exclusive federal remedy not just when a state prisoner *requests* the invalidation or reduction of his sentence, but whenever the requested

relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long. (emphasis in original).

The Ninth Circuit said in *Young* that "[a]ll nine federal circuit courts to consider this question have arrived at the same conclusion," *id.* at 876, citing, *inter alia*, the Second Circuit's opinion in *Mack, supra.*

The present state of the law is summarized by Justice White's dissent from the denial of certiorari in *Young*, 111 S.Ct. 1090 (1991), which also embraced a refusal to review *Bressman v. Farrier*, 900 F.2d 1305 (8th Cir.1990):

> These petitions raise the questions whether the exhaustion requirement of 28 U.S.C. § 2254 applies when state prisoners, in a suit under 42 U.S.C. § 1983, challenge the duration or conditions of their confinement but seek only damages or declaratory relief. The Eighth Circuit held here that exhaustion is required for § 1983 actions which include challenges to the conditions, as well as to the length or duration, of confinement. 900 F.2d 1305, 1308 (1990). *See also Offet v. Solem*, 823 F.2d 1256 (CA8 1987). The Seventh Circuit has adopted the contrary position. *See Viens v. Daniels*, 871 F.2d 1328, 1333–1334 (1989). The Ninth Circuit held here that exhaustion is required for § 1983 actions seeking damages, so long as the requested relief requires as its predicate a determination that a prisoner's sentence is invalid or unconstitutionally long. 907 F.2d 874, 876 (1990). Although no Court of Appeals has held to the contrary, several have recognized the apparent tension between this position and the decisions of this Court in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *See, e.g.*, 907 F.2d at 877; *Viens, supra*, at 1333; *Gwin v. Snow*, 870 F.2d 616, 623 (CA11 1989).
>
> Because of the confusion and divergence of opinion these issues have generated in the Courts of Appeals, and the fact that this Court has not ruled definitively upon the issues presented, I would grant certiorari in these two cases. *Id.* at 1090–1091.

 In the absence of controlling Supreme Court or Second Circuit authority, I am free to express my agreement with a case like *Crump v. Lane, supra*. I hold that in a case such as that at bar, where no on-going conditions of confinement are implicated, and any award of damages would be entirely dependent upon resolution of the validity of the duration of plaintiff's confinement, he must first exhaust his state remedies as required by 28 U.S.C. § 2254(b).

■ Rather than dismissing the action, I stay it pending plaintiff's compliance with § 2254(b). *See Mack* at 999–1000. I reach no other issue.

### Conclusion

The action is stayed, pending plaintiff's compliance with 28 U.S.C. § 2254(b).

It is SO ORDERED.