Nahshon JACKSON, Plaintiff–Appellant,

v.

SUFFOLK COUNTY HOMICIDE BUREAU, Thomas P. Hughes, Defendants–Appellees.

No. 624, Docket 97–2296.

United States Court of Appeals, Second Circuit.

Submitted Jan. 9, 1998.

Decided Jan. 20, 1998.

Nahshon Jackson, Stormville, NY, Plaintiff–Appellant pro se.

Robert J. Cimino, Suffolk County Attorney, Hauppauge, NY (Robert H. Cabble, Arlene S. Zwilling, Hauppauge, NY, of counsel), for Defendants–Appellees.

Before: FEINBERG and KEARSE, Circuit Judges, and PARKER, District Judge.[*]

KEARSE, Circuit Judge:

Plaintiff Nahshon Jackson, who stands convicted of robbery and murder in New York State court, appeals from a final judgment of the United States District Court for the Eastern District of New York, Thomas C. Platt, *Judge,* dismissing his amended complaint brought under 42 U.S.C. § 1983 (1994) seeking damages from defendants Suffolk County Homicide Bureau and Thomas P. Hughes for (1) violation of Jackson's Fifth Amendment rights by the use of excessive force following his arrest, and (2) violation of his First Amendment freedom-of-religion and privacy rights (collectively the "religion/privacy claims") by taking nude photographs of him without his consent during the postarrest interrogation and by publicly displaying those photographs at his trial. The district court dismissed the complaint, without prejudice, on the basis that Jackson has pending in state court an appeal from his criminal conviction, in which he makes essentially the same assertions he makes here, and that under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), his § 1983 claims therefore had not yet accrued. On appeal, Jackson contends that *Heck v. Humphrey* is not applicable. For the reasons that follow, we vacate and remand.

In *Heck v. Humphrey,* the Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489–90, 114 S.Ct. at 2374. Thus, ·a plaintiff who seeks

to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid ... must prove that the

---

[*] Honorable Barrington D. Parker, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* 512 U.S. at 486–87, 114 S.Ct. at 2372 (footnote omitted) (emphasis in original).

■ Accordingly, when the civil plaintiff has pending an appeal from his criminal conviction, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. at 2372; *see id.* at 489, 114 S.Ct. at 2374 ("while the state challenges are being pursued, ... the § 1983 claim has not yet arisen"). However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck v. Humphrey,* 512 U.S. at 487, 114 S.Ct. at 2372–73 (footnote omitted).

Application of these principles requires the court to examine the relationship between the criminal conviction and each of the plaintiff's civil claims. *Heck v. Humphrey* does not require dismissal of any claim whose adjudication in favor of the plaintiff would not necessarily invalidate his conviction or sentence. *See, e.g., Channer v. Mitchell,* 43 F.3d 786, 787–88 (2d Cir.1994) (per curiam) (affirming *Heck*-based dismissal of claim that police officers committed perjury and coerced witnesses to identify plaintiff wrongfully, but reversing *Heck*-based dismissal of Eighth Amendment claim that plaintiff had been placed in a holding cell under inhumane conditions); *Smithart v. Towery,* 79 F.3d 951, 952–53 (9th Cir.1996) (per curiam) (affirming *Heck*-based dismissal of § 1983 claim of conspiracy to "bring unfounded criminal charges" against plaintiff, but reversing *Heck*-based dismissal of claim of excessive force during arrest).

■ In the present case, Jackson asserted two categories of claims: (1) his religion/privacy claims for photographing him in the nude following his arrest and publicly displaying the pictures at his trial, and (2) his Fifth Amendment claim for excessive force following his arrest. Plainly the religion/privacy claims would not, even if successful, indicate the invalidity of Jackson's conviction. Accordingly, those claims should not have been dismissed pursuant to *Heck v. Humphrey.*

■ We note, however, that the religion/privacy claims may well be barred, at least in part, by the three-year statute of limitations, *see Owens v. Okure,* 488 U.S. 235, 251, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989) (statute of limitations on § 1983 claim to which New York law applies is three years). The present action was commenced on November 13, 1995, and the original complaint asserted only the claim for the excessive use of force. The religion/privacy claims were first asserted in Jackson's amended complaint filed in May 1996. The assertion of the latter claims does not relate back to the date of the original complaint because they do not arise out of the same conduct as the excessive force claim, *see generally* Fed. R.Civ.P. 15(c)(2) (claim in an amended pleading relates back to the date of the original pleading if "the claim ... asserted in the amended pleading arose out of the conduct ... or occurrence set forth or attempted to be set forth in the original pleading"); *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986); *Mackensworth v. S.S. American Merchant,* 28 F.3d 246, 251–52 (2d Cir.1994).

The nude photographs of which Jackson complains were taken while he was in police custody on November 22–25, 1992, more than three years prior to the May 1996 filing of the amended complaint. To the extent that Jackson complains of the taking of the photographs, therefore, his claims presumably are barred by the statute of limitations. To the extent that Jackson complains that his reli-

 

gion/privacy rights were violated by the public display of his nude photos at trial, an event that may have occurred within the three years prior to the filing of the amended complaint, his claims may well not be barred by the statute of limitations. We leave to the district court on remand the further exploration of the timeliness of the religion/privacy claims.

■ We also conclude that Jackson's Fifth Amendment claim should not have been dismissed pursuant to *Heck v. Humphrey*, because a claim for use of excessive force lacks the requisite relationship to the conviction. Although Jackson is arguing in his pending state-court appeal from the conviction that that use of force coerced him to make confessions that were then used against him at his criminal trial, and that his conviction should be set aside on that ground, a finding that excessive force had in fact been used would not necessarily require the invalidation of the conviction. For example, the state court might find that the confessions did not result from the use of force. Or it might find that the confessions were coerced by the use of force, but that the failure to suppress them was harmless error, *see Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). Accordingly, *Heck v. Humphrey* did not require the dismissal of Jackson's Fifth Amendment claim.

■ In *Heck v. Humphrey*, the Supreme Court raised, but did not answer, the question of whether the federal court might wisely abstain from adjudicating a civil claim that neither depends on nor necessarily results in invalidation of, but could have an impact on, the conviction. *See* 512 U.S. at 487 n. 8, 114 S.Ct. at 2373 n. 8. Such a claim has, under the *Heck* analysis, accrued, and, in light of the running of the statute of limitations on such an accrued claim, we have concluded that the proper course is for the district court to stay further proceedings on that claim pending termination of the state-court criminal proceedings, rather than to dismiss it. *See, e.g., Mack v. Varelas*, 835 F.2d 995, 999–1000 (2d Cir.1987), *overruled in part by Heck v. Humphrey*, 512 U.S. at 486–90, 114 S.Ct. at 2372–74 (to the extent of holding that a claim for unlawful incarceration had ac-

crued prior to conclusion of the plaintiff's appeals in his criminal case); *Giulini v. Blessing*, 654 F.2d 189, 193–94 (2d Cir.1981).

Accordingly, the judgment of the district court is vacated, and the matter is remanded for entry of a stay as to the Fifth Amendment claim pending completion of Jackson's state-court criminal proceedings, and for such other proceedings in the district court as are not inconsistent with this opinion.

No costs.