SUMMARY ORDER
Kevin P. McKenna appeals from a judgment of the United States District Court for the Eastern District of New York in this excessive-force action brought under 42 U.S.C. § 1983. The district court dismissed McKenna’s case against the municipality defendant prior to trial. Following trial, the jury found in favor of two of the three individual officer defendants and failed to reach a verdict as to the third. The district court subsequently granted the third officer’s motion for judgment as a matter of law. We assume the parties’ familiarity with the facts and procedural history of this case, and the questions presented for review.
At the outset, we note McKenna’s assertion that he “did not dispute the officers’ characterization of his resistance in any way” in the district court. This is not an accurate statement — McKenna testified and argued to the jury that he did not adopt a fighting stance or otherwise provoke the officers when they approached him, contrary to the officers’ testimony. On this appeal, McKenna again asserts that he adopts the officers’ version of the events. We interpret McKenna’s assertion as an invitation to assume the officers’ characterization for the purposes of argument.
Such an assumption invalidates at least two of McKenna’s arguments on appeal, however. He argues that the district court erred in denying his application to stay trial pending the appeal of his underlying criminal convictions for resisting arrest and drunk driving. But he does not explain what “impact” the civil claim might have had on the criminal proceedings. See Jackson v. Suffolk County Homicide Bureau, 135 F.3d 254, 257 (2d Cir.1998) (noting that the Supreme Court has “raised, but did not answer, the question of whether [a] federal court might wisely abstain from adjudicating a civil claim that neither depends on nor necessarily results in invalidation of, but could have an impact on, [a *806 criminal] conviction”). It is difficult to understand what such an impact might be if, as McKenna says, he does not contest the circumstances of his resisting arrest and his drunkenness for the purposes of the civil litigation. We find there was no abuse of discretion in denying the motion to stay. See United States v. Beverly, 5 F.3d 633, 641 (2d Cir.1993) (“A district court’s decision regarding the timetable for trial will not be reversed absent an abuse of discretion”).
Similarly, McKenna argues that the district court erroneously granted defendant Christopher J. Hughes’s motion for judgment as a matter of law. But, as counsel confirmed at oral argument, the basis for his argument is not factual but legal: that a use of force “when negotiation is- an option” is always unreasonable. That legal proposition is not clearly established in any authority identified by McKenna or known to us. Accordingly, Hughes was entitled to the protection of qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19, 102 S.Ct. 2727, 73 L.Ed.2cl 396 (1982).
McKenna argues that the district court erroneously rejected his claim that the defendants’ peremptory challenges were exercised for racially discriminatory reasons. See Batson v. Kentucky, 476 U.S. 79, 96-98, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 630, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (applying Batson analysis to civil cases). “[T]he ultimate question of discriminatory intent represents a finding of fact that will be set aside only if clearly erroneous.” United States v. Taylor, 92 F.3d 1313, 1326 (2d Cir.1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 771, 136 L.Ed.2d 717 (1997). There was no clear error here.
1 McKenna made out a prima facie Batson claim by demonstrating “a pattern of strikes,” i.e., that each of the three per-emptories of the defendants was used to strike a person who appeared to be African-American. See Green v. Travis, 414 F.3d 288, 299 (2d Cir.2005). The defendants’ proffered reasons for the strikes were principally, with respect to two struck jurors, their disfavored place of residency, and, with respect to all three, their gender: counsel had sought to achieve a “balance between male and female” on the jury. The court concluded that the defendants had sufficiently proffered “a nondiscriminatory reason” for their strikes and that McKenna had failed to demonstrate that those reasons were pretextual. The district court’s findings were not clearly erroneous.
We note that the Supreme Court has “h[e]ld that gender, like race, is an unconstitutional proxy for juror competence and impartiality.” J.E.B. v. Alabama, 511 U.S. 127, 129, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The defendants here asserted that their- reason for the peremptories was, in significant part, gender based, which suggests that they caused a structural error in the trial. See Tankleff v. Senkowski, 135 F.3d 235, 248 (2d Cir.1998). But McKen-na, having failed to raise this argument in this Court or the trial court, has forfeited it.
McKenna argues that the district court committed “reversible error” in dismissing the municipality from this action during the court’s final pre-trial- conference. But subsequent events validated the court’s decision. The jui-y found two of the individual defendants were not liable, and the district court properly entered judgment as a matter of law in favor of the third. The Monell claim was, it turns out, therefore properly dismissed for want of any proven civil rights violation. See Se- *807 gal v. City of New York, 459 F.3d 207, 219 (2d Cir.2006).
We have considered McKenna’s numerous other arguments on appeal and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.