DLD-121                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2632
_____

JOHN DAVID BROOKINS,

Appellant

v.

BRISTOL TOWNSHIP POLICE DEPARTMENT;
ALFRED H. EASTLACK; RUDOLPH RUDY HEIERLING;
THOMAS MILLS; BUCKS COUNTY DETECTIVES OFFICE;
ROBERT C. POTTS; DISTRICT ATTORNEY BUCKS COUNTY;
DIANE E. GIBBONS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-00252)
District Judge:  Honorable Legrome D. Davis

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2016
Before: CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: February 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant John Brookins appeals the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2). We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 1992, Brookins was convicted in Pennsylvania state court of first-degree murder and sentenced to life imprisonment. In 2014, he instituted an action under 42 U.S.C. § 1983 in the District Court. He alleged, essentially, that the police officers and district attorneys involved in his case had ignored evidence that inculpated a different suspect and instead prosecuted him despite his innocence. Although he does little to identify discrete causes of action, construing his allegations generously, we understand him to present claims of false arrest, use of excessive force during arrest and interrogation, malicious prosecution, a violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963), and a due-process violation. He also purported to raise a state-law claim of obstruction of justice under 18 Pa. Cons. Stat. § 5101. He requested a variety of declaratory and injunctive relief, including orders requiring the police to investigate his suggested suspect and to test a pair of gloves for DNA.

The District Court dismissed Brookins's action, concluding that his federal claims were time-barred and that no civil cause of action exists under Pennsylvania for obstruction of justice. Brookins filed a timely notice of appeal to this Court.

2

We agree with the District Court's disposition of this case.[1] Brookins has not claimed that his state conviction has been set aside.[2] Therefore, his claims are barred to the extent that success on the merits would necessarily imply the invalidity of his conviction. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). This includes his claims alleging malicious prosecution, see Heck, 512 U.S. at 484-85; Kossler v. Crisanti, 564 F.3d 181, 186-87 (3d Cir. 2009) (en banc), and a Brady violation, see Skinner v. Switzer, 562 U.S. 521, 536 (2011); Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999).[3] We note, however, that these claims are properly dismissed without prejudice, and we modify the District Court's order accordingly. See, e.g., Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996).

Brookins's remaining claims — that the defendants falsely arrested him, used excessive force against him, and violated his due-process rights by refusing to test evidence for DNA — are not barred by Heck. See Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (false arrest); Lora-Pena v. FBI, 529 F.3d 503, 506 (3d Cir.

---

[1] We may affirm on any ground apparent in the record. See, e.g., Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

[2] Brookins has filed a petition under 28 U.S.C. § 2254 in the District Court, which remains pending. See E.D. Pa. Civ. A. No. 2:14-cv-2645.

[3] In connection with these claims, Brookins asked for an order requiring the police to investigate the individual that he believes committed the murder. However, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007); see also Capogrosso v. Supreme

3

2008) (excessive force during arrest); <u>Jackson v. Suffolk Cty. Homicide Bureau</u>, 135 F.3d 254, 257 (2d Cir. 1998) (excessive force after arrest); <u>Skinner</u>, 562 U.S. at 534 (DNA testing). They are, however, untimely. In Pennsylvania, the statute of limitations for claims under § 1983 is two years. <u>See</u> <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009). Brookins's false-imprisonment claim accrued when he became held pursuant to legal process, <u>see</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 389-90 (2007), which occurred in 1991. His claims concerning the officers' use of force accrued when he (allegedly) suffered his injuries in 1991. <u>See</u> <u>Kach</u>, 589 F.3d at 634-35; <u>Montgomery</u>, 159 F.3d at 126. Finally, his challenge to the Government's failure to test evidence for DNA accrued, at the latest, when the state court denied his request for testing on April 28, 2011. <u>See</u> <u>Savory v. Lyons</u>, 469 F.3d 667, 672-73 (7th Cir. 2006). He filed his complaint in this case in January 2014, well after the expiration of the two-year limitations period for each of these claims. He has offered no basis to toll the statute of limitations as to any of these claims, and the District Court therefore properly concluded that they were untimely.

Finally, the District Court correctly ruled that Brookins is not entitled to maintain a civil claim under 18 Pa. Cons. Stat. § 5101, Pennsylvania's criminal obstruction-of-

Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("individual citizens do not have a constitutional right to the prosecution of alleged criminals").

4

justice statute.  See D'Errico v. DeFazio, 763 A.2d 424, 430 (Pa. Super. Ct. 2000);

Pelagatti v. Cohen, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987).[4]

Accordingly, we will summarily affirm the District Court's judgment.

---

[4] Given the legal failings of Brookins's complaint, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

5