# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of:<br><br>ROBERT SPENCER ROSE,<br><br>Petitioner. | DIVISION ONE<br><br>No. 80083-3-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Robert Rose filed a personal restraint petition challenging the sanctions imposed following a prison disciplinary hearing. To obtain relief in this setting, Rose must demonstrate that he is being "'restrained under RAP 16.4(b) and that the restraint is unlawful under RAP 16.4(c).'" In re Pers. Restraint of Grantham, 168 Wn.2d 204, 213, 227 P.3d 285 (2010) (quoting In re Pers. Restraint of Isadore, 151 Wn.2d 294, 299, 88 P.3d 390 (2004)). Because the Department of Corrections (DOC) expunged the challenged infraction from Rose's prison record, restored his good conduct time, and adjusted his early release date, Rose is not under unlawful restraint on account of the challenged infraction. We dismiss the petition as moot.

I

According to an October 2018 serious infraction report, a corrections officer at Washington Corrections Center conducted a routine strip search of Rose following a family visit. See DOC Policy 420.310(III)(3)(b) (requiring

mandatory strip search at Security Level 3, 4, and 5 facilities upon return from contact visit). When Rose removed his sock, a small folded paper fell out. The paper contained three small, colored tabs with an imprinted marker that identified them as Suboxone.[1]

The Department of Corrections charged Rose with violating WAC 137-25-030 (603) (introducing or transferring any unauthorized drug or drug paraphernalia). Prior to the hearing, Rose requested witness statements from two correctional staff members. And although the Department's preprinted discipline hearing notice form advised Rose that he did not have a right to access video taken within the prison facility, he requested "all video" evidence.

Rose was present at the October 23, 2018 hearing and argued that the video surveillance footage from the visitation room would refute the allegation that his spouse transferred contraband to him during the visit. He claimed that the folded paper was already on the floor when he entered the search area. Rose also claimed that the Department did not follow its own policy during the strip search because only one corrections officer was present during the search. See DOC Policy 420.310 (III)(F) (requiring the presence of two Department employees during strip searches).

The hearing officer reviewed video footage from the search area and determined that Rose was not visible but only one Department employee was present during the search. The hearing officer also viewed video evidence from

---

[1] Suboxone is a narcotic and analgesic combination used in the treatment of opiate dependence.

the visit room and observed Rose's visitor make a "quick but deliberate" motion to reach down and slip an item into Rose's right shoe or sock. Based on the photographs of the physical evidence, video evidence, the infraction report, and witness statements, the hearing officer found Rose guilty of the infraction. The penalty included the deduction of 75 days of good conduct time. Rose appealed and the superintendent's designee denied the appeal.

Rose filed this personal restraint petition.

II

Rose claims that he had a due process right to personally examine the video surveillance evidence, that the hearing officer failed to consider all of the relevant and available video evidence, and that the Department failed to comply with its own policy requiring the presence of two correctional staff members during a strip search. In response to Rose's petition, the Department expunged the infraction from his prison record, restored the good time credit previously deducted, and adjusted his early release date.

Expungement effectively and adequately addresses Rose's challenge to this infraction. See In re Pers. Restraint of Higgins, 152 Wn.2d 155, 162-63, 95 P.3d 330 (2004) (while the court has exclusive jurisdiction over a personal restraint petition, court rules do not prevent the Department from providing an alternative remedy and the court may only grant collateral relief under RAP 16.4 if other available remedies are inadequate). Thus, Rose's claims of error with respect to this infraction are now moot and need not be considered. In re Det. of Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983) ("A case is moot if a court

3

can no longer provide effective relief."); In re Pers. Restraint of White, 25 Wn. App. 911, 912, 612 P.2d 10 (1980) (court need not consider moot issues). Although Rose urges this court to address the merits of his petition despite its mootness, we are unpersuaded that the circumstances warrant further review. In re Pers. Restraint of Mines, 146 Wn.2d 279, 285, 45 P.3d 535 (2002) (court may decide a technically moot petition that involves "matters of continuing and substantial public interest.").

Because Rose's petition is moot, we dismiss the petition.

_____
Dwyer, J.

WE CONCUR:

_____     _____
Andrus, A.C.J.                       Mann, C.J.