# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of:<br><br>JOSEPH NJUGUNA NJONGE,<br><br>                       Petitioner. | DIVISION ONE<br><br>No. 85468-2-I<br><br>UNPUBLISHED OPINION |

PER CURIAM — Joseph Njonge filed this personal restraint petition challenging the imposition of disciplinary sanctions by the Department of Corrections (the Department) following an administrative hearing at which he was found guilty of committing an administrative infraction. Njonge asserts that he is under restraint by the Department and requests that we reverse the guilty finding, remove the disciplinary sanctions imposed, and remand the matter for a new hearing.

Subsequent to the filing of his petition, the Department vacated the finding of guilt, expunged the infraction in question from its records, and vacated all sanctions imposed as a result of the hearing. Supplemental Response Br. of Department of Corrections at 2-3. Thereafter, Njonge was released from the Department's custody into the custody of United States Immigration and Customs Enforcement. At the time of the filing of the Department's supplemental brief, Njonge was being held in federal custody awaiting his immigration proceeding. Supplemental Response Br. of Department of Corrections at 1 n.1.

As pertinent here, "the appellate court will grant appropriate relief to a petitioner if the petitioner is under a 'restraint.'" RAP 16.4(a). However, "[a] case is moot if a court can no longer provide effective relief." In re Det. of Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983) (citing State v. Turner, 98 Wn.2d 731, 733, 658 P.2d 658 (1983)); see also In re. Pers. Restraint of White, 25 Wn. App. 911, 912, 612 P.2d 10 (1980).

Given the foregoing, Njonge is no longer under State restraint. The Department vacated the guilty finding arising from his commission of an administrative infraction, expunged the infraction in question from its records, and vacated all sanctions imposed as a result of the hearing. In addition, he is no longer under the custody of the Department. He is, therefore, not under restraint imposed by the State of Washington. The actions taken by the Department exceed in benefit the relief he requested herein (the grant of a new hearing). Thus, we can no longer provide effective relief in response to his petition. RAP 16.4(a); Cross, 99 Wn.2d at 376-77; White, 25 Wn. App. at 912. Accordingly, his personal restraint petition is moot and his petition is dismissed.

For the Court:

_Cohen, J._

_Brummer, J_

_Hazel, ACJ_