■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. OAKES, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant, who is mildly mentally retarded, was convicted of murder in the second degree (Penal Law § 125.25 [1]) for stabbing Edward Goulding to death in the Town of Cape Vincent sometime between 10:00 P.M. on Friday, February 24,

1984 and 9:10 A.M. the following morning. Defendant's estranged wife and their daughter had gone to live with Goulding several months before that incident. The People's theory was that defendant killed Goulding because Goulding caused defendant's separation from his wife.

Upon the exercise of our factual review powers (CPL 470.15 [1]), we conclude that the People failed to meet their burden of disproving defendant's alibi defense beyond a reasonable doubt (see, People v Victor, 62 NY2d 374, 377-378; People v Salva, 156 AD2d 953). The proof at trial established that Edward Goulding was stabbed to death in his home sometime between the hours set forth above as he lay sleeping. There is no evidence linking defendant to the murder other than his inculpatory admissions and "confession" to the police.

Defendant presented a number of disinterested alibi witnesses who testified that defendant's landlady locked him in his apartment in Watertown from 8:00 P.M. on Friday evening February 24, 1984 until 5:45 A.M. the following morning, that his car was hemmed in between a camper and another car in his driveway, that he was at a diner in Chaumont between 6:00 A.M. and 6:45 A.M. on Saturday morning and then at 6:50 A.M. went to a Catholic Church, where he remained working all day. Other than establishing that defendant had a motive to kill Goulding, who he blamed for the breakup of his marriage, and the suspect admissions and confession made by defendant to the police, there is absolutely no evidence linking defendant to the commission of this murder. On the other hand, defendant's alibi witnesses were both disinterested and credible and fully accounted for defendant's presence at the time that the murder allegedly occurred.

The mere possibility that defendant could have managed to get out of the locked house, gone from Watertown to Cape Vincent without benefit of an automobile, and returned without waking his landlady or her granddaughter is, in our view, insufficient to disprove defendant's alibi defense beyond a reasonable doubt (see, People v Salva, supra). (Appeal from judgment of Jefferson County Court, Aylward, J.—murder, second degree.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.