Darryl J. WOODS, Plaintiff–Appellant,

v.

Joseph CANDELA, Defendant–Appellee.

No. 653, Docket 93–7664.

United States Court of Appeals,
Second Circuit.

Argued Dec. 2, 1993.

Decided Jan. 6, 1994.

Robert N. Isseks, Goshen, NY (Alex Smith, Goshen, NY, of counsel), for plaintiff-appellant.

Frederic L. Lieberman, Asst. Atty. Gen. of the State of New York, New York City (Robert Abrams, Atty. Gen. of the State of New York, Albany, NY, of counsel), for defendant-appellee.

Before: LUMBARD, KEARSE and JACOBS, Circuit Judges.

LUMBARD, Circuit Judge:

Plaintiff-appellant Darryl J. Woods appeals from a judgment of the District Court for the Southern District of New York, Goettel, *Judge*, dismissing his complaint as barred by the statute of limitations. 825 F.Supp. 43. On appeal, Woods argues that the district court improperly (1) determined the date his cause of action accrued and (2) failed to toll the statute of limitations. We affirm.

We assume the facts to be as set forth in the complaint. On September 25, 1989, defendant-appellee Joseph Candela, a New York State trooper, saw Woods driving a

blue vehicle with tinted windows on South William Street in Newburgh, New York. A vehicle with a similar description had been seen near the scene of two recent robberies and a recent larceny. Candela stopped Woods's car and asked Woods if he had any weapons in the car. Woods replied that he kept a nightstick under the seat. Candela then searched the vehicle, finding several items that matched the description of articles used in the robberies: an air rifle, a green cap, and a black cloth with two holes cut in it. Candela arrested Woods, searched him, handcuffed him, and advised him of his *Miranda* rights.

Shortly after Woods's arrest in 1989, the Orange County Grand Jury indicted him for first degree robbery and criminal possession of a weapon. Woods filed an omnibus motion seeking, *inter alia,* an order suppressing the evidence found in the vehicle and the statements made to the police on the day of his arrest. The county court denied these motions, and the prosecution used the seized evidence at trial. A jury found Woods guilty, and on November 15, 1990 the court sentenced him to 12½ to 25 years imprisonment.

Woods appealed his conviction to the Appellate Division, Second Department. On January 19, 1993, that court reversed the conviction and dismissed the indictment, holding that the county court erred in denying Woods's motion to suppress. The Appellate Division found that Candela's stop of Woods's car was justifiable because of Woods's traffic violation (driving with excessively tinted windows), but that Candela did not have reasonable suspicion to detain and question Woods.

On May 6, 1993, Woods commenced this action under 42 U.S.C. § 1983 against Candela in the District Court for the Southern District of New York. Woods alleged that Candela violated his Fourth Amendment rights to be free from unreasonable searches and arrests without probable cause; his Fifth Amendment right to remain silent; and his Fourteenth Amendment rights to due process, equal protection, and substantive due process. Candela moved to dismiss on the grounds that: (1) the Fourth and Fifth Amendment claims were barred by the applicable statute of limitations, (2) the Fourteenth Amendment claims were barred by Candela's absolute immunity, and (3) the complaint failed to state a cause of action for malicious prosecution. Woods conceded the second and third points, and agreed to drop all claims except for those based on Candela's alleged violation of his Fourth and Fifth Amendment rights. The district court then dismissed those claims as barred by the statute of limitations.

New York's three year statute of limitations governs this action. *See Owens v. Okure,* 488 U.S. 235, 251, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989); New York Civ. Prac.L. & R. 214(5) (McKinney 1990). Since Woods commenced this action on May 6, 1993, it is time barred unless (1) it accrued after May 5, 1990, or (2) the statute of limitations was tolled.

*Accrual of the Cause of Action*

■ Federal law governs the question of when this claim accrued. *Morse v. University of Vt.,* 973 F.2d 122, 125 (2d Cir.1992). Generally, a cause of action accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action. *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). Woods's alleged injuries occurred, and Woods gained knowledge of them, when Candela conducted the search, arrest and questioning; therefore, the cause of action accrued on September 25, 1989. *Day v. Morgenthau,* 909 F.2d 75, 79 (2d Cir.1990) (opinion on petition for rehearing).

■ Woods argues that the cause of action did not accrue until the state appellate court vacated his conviction. The county court had previously found that Candela did not violate Woods's constitutional rights. Under the doctrine of collateral estoppel, this ruling barred Woods from claiming in another action that his rights had been violated. Therefore, Woods argues, he "could first have *successfully* maintained a suit based on that cause of action" when the Appellate Division reversed his conviction on January 19, 1993, and the cause of action accrued on that date. *Santos v. District Council,* 619

F.2d 963, 968–69 (2d Cir.1980) (quoting *Bell v. Aerodex, Inc.*, 473 F.2d 869, 873 (5th Cir. 1973)) (emphasis added).

Woods relies on *Triplett v. Azordegan*, 478 F.Supp. 872 (N.D.Iowa 1977), in support of his position. In that case, the plaintiff, Triplett, was tried in state court for murder. At trial, he argued that his confession was inadmissible because he was drugged when he confessed. The trial court disagreed, and Triplett was convicted. He spent the next 17 years in prison until the state court ordered him released on the ground that his confession was involuntary. Triplett then brought a § 1983 action in federal court, alleging that his constitutional rights had been violated.

The District Court for the Northern District of Iowa held that the plaintiff's cause of action was not time barred because it did not "ripen" until the state court overturned the conviction. The court noted that the state trial court's decision would have had a preclusive effect in a § 1983 action, and the plaintiff was not required to "pursue a technically possible, but at the time frivolous suit." 478 F.Supp. at 875.

Woods's reliance on *Triplett* is misplaced, as that case is at odds with the established law of this circuit, as expressed in *Mack v. Varelas*, 835 F.2d 995 (2d Cir.1987). In that case, the plaintiff, Mack, was tried for robbery in state court. At trial, Mack asked the state to produce a witness who was incarcerated. When the sheriff's office failed to produce the witness, the court refused a continuance, holding that Mack's request was untimely and the witness's testimony was unlikely to be helpful. Mack appealed his conviction to the state appellate court, and also filed a § 1983 action in federal court. The federal district court dismissed the § 1983 action, holding that it could not hear the case until the state proceedings were complete.

On appeal, we agreed that the district court could not adjudicate the claim while the state proceedings were pending because of their potential outcome-determinative effect. *Id.* at 999. However, we reversed because the district court should have stayed, not dismissed, the action. We reasoned that dismissal would have been appropriate if the claim had not accrued; however, the claim accrued on the date of the alleged violation of the plaintiff's rights. Moreover, we noted that the statute of limitations had begun to run, implying that if the dismissal were upheld, the statute of limitations could have prevented Mack from re-commencing the action after the criminal proceedings were complete.

Woods argues that *Mack* is not controlling. The question of whether Mack's rights were violated was not litigated in the state trial court; therefore, when Mack initiated his § 1983 action, there was no state court decision that would have collaterally estopped him from claiming a constitutional violation. In contrast, until January 19, 1993, there was an adverse state court decision that would have estopped Woods from asserting that his rights had been violated. Woods therefore submits that unlike Mack he should not have been required to commence his action until the state appeal was decided. We disagree.

Woods's fear of the preclusive effect of the state trial court decision is unfounded. *Mack* requires federal courts to stay rather than dismiss § 1983 actions while relevant state proceedings are pending. Therefore, had Woods timely filed his action, it would have been treated the same as Mack's action: neither could have been dismissed while the appeal was pending, but both could have been dismissed later if the state appellate court ultimately found that there was no constitutional violation. Consequently, the adverse ruling in the state court did not present an obstacle to Woods's claim, and does not provide a basis for departing from *Mack*.

We therefore hold that the cause of action accrued on September 25, 1989, and was time barred unless the statute of limitations was tolled.

*Tolling the Statute of Limitations*

 New York's tolling provisions govern the tolling of the statute of limitations. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1721–22, 44 L.Ed.2d 295 (1975). However, "considerations of state law may be displaced where their application would be inconsistent with the federal policy underlying the cause

of action under consideration." *Id.* at 465, 95 S.Ct. at 1722. Woods concedes that no New York tolling provision applies here, but argues that application of the statute of limitations would frustrate the policies underlying § 1983.

The Supreme Court has identified deterrence and compensation as two of the principal policies underlying 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Woods contends that the cause of action should be tolled to further these goals. However, neither deterrence nor compensation is "significantly affected by this rule of limitations since plaintiffs can still readily enforce their claims, thereby recovering compensation and fostering deterrence, simply by commencing their actions within three years." *Id.* The *Mack* requirement that federal courts stay § 1983 actions until the completion of state proceedings protects plaintiffs by allowing them to commence their actions without fearing that the lower state court decision will bar recovery; at the same time, the requirement that plaintiffs file within three years protects defendants by putting them on notice of the claim and allowing them to preserve evidence for their defense.

Affirmed.