Jorge **BEZERRA** and Manuela Bezerra, Plaintiffs,

v.

**COUNTY OF NASSAU, George Kuebler and Robert Hillman, Defendants.**

No. CV 93–2204.

United States District Court, E.D. New York.

March 14, 1994.

---

Harry H. Kutner, Jr., Mineola, NY, for plaintiffs.

Owen Walsh, Acting County Attorney of Nassau County by Lois Weinstein, Deputy County Atty., Mineola, NY, for defendants.

## OPINION AND ORDER

SPATT, District Judge:

The plaintiffs have brought an action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), charging false arrest and imprisonment, use of excessive force, malicious prosecution, and pendent state law claims of assault, battery, intentional infliction of emotional distress, and loss of companionship. The defendants move to dismiss the Complaint as against Nassau County ("County") pursuant to Fed.R.Civ.P. 12(b)(6), and as against all the defendants because it is time barred. Additionally, the defendants seek dismissal of the Complaint because the same action is currently pending in the New York State Supreme Court, Nassau County.

## BACKGROUND

According to the Complaint, at approximately 11:00 p.m. on September 19, 1989, while the plaintiffs were in their residence at

323 Grant Avenue, Mineola, New York, the defendants Kuebler and Hillman, who are Nassau County police officers, placed the plaintiff Jorge Bezerra ("Bezerra") under arrest. The plaintiffs allege that the officers then proceeded to beat Bezerra without any cause or provocation, falsely charged him with resisting arrest in order to cover up the beating, and incarcerated him. As a result of the beating, Bezerra alleges he suffered serious personal injuries requiring medical treatment, and that the injuries are permanent in nature.

The plaintiffs further allege that the defendants maliciously and falsely prosecuted Bezerra under the fabricated charges. Ultimately, after a jury trial in Nassau County District Court, Bezerra was found not guilty of the criminal charges filed against him by the defendants.

The plaintiffs initiated the present action on May 18, 1993. Their Complaint sets forth four causes of action for relief based on the alleged violation of Bezerra's rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution resulting from his false arrest, false imprisonment and malicious prosecution. There are also three pendent state law causes of action for assault, battery, and intentional infliction of emotional distress, and a cause of action on behalf of Manuela Bezzera for loss of her husband's society, aid and care. The plaintiffs seek compensatory and punitive damages, prejudgment interest, and costs and attorney's fees.

## MOTION BEFORE THE COURT

The defendants move pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss the Complaint as against Nassau County, because the plaintiffs have not alleged that the defendants acted pursuant to a county custom or policy as required by *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Moreover, the defendants move to dismiss the Complaint in its entirety as against all of them, because the causes of action alleged in the Complaint are time barred. According to the defendants, the causes of action for false arrest, false imprisonment, assault, battery and intentional infliction of emotional distress accrued on the date of the arrest, September 19, 1989, and the cause of action for malicious prosecution accrued on April 6, 1990, the "disposition date" appearing on Bezzera's Notification of Sealing, issued after his acquittal. These dates are more than three years prior to the date the Complaint was filed, May 18, 1993, and, therefore, the defendants claim that they are barred by the three year statute of limitations applicable in section 1983 actions.

Finally, the defendants argue that the complaint should be dismissed because the plaintiffs initiated the same action in the New York State Supreme Court, Nassau County, on November 1, 1990.

In response, the plaintiffs argue that the causes of action are not time barred, because they have been extended pursuant to the provisions of New York Civil Practice Law and Rules ("CPLR") § 215(8). That subsection provides that for certain intentional torts listed in section 215, an extension of one year is given from the applicable one year statute of limitations in civil actions governed by the section, in cases where a criminal proceeding is commenced with respect to the event or occurrence from which the intentional tort claims governed by the section arise. The one year extension provided by section 215(8) runs from the date the criminal action is terminated. According to the plaintiff, the criminal action against Bezerra was terminated on July 8, 1992, upon his acquittal by the jury. Because the Complaint in this case was filed on May 18, 1993, well within the one year extension granted under the statute, the plaintiffs argue the Complaint is not time barred.

The plaintiffs further contend that a proper claim has been stated against the County. The plaintiffs allege that the County is liable here, not only on the basis of *respondeat superior*, but also because the County follows a policy of acquiescing in police misconduct and brutality, and in not investigating such police behavior when it is brought to the County's attention. Such conduct on the part of the County is actionable under section 1983 pursuant to *Monell*. Moreover, the

plaintiffs claim that the County's liability is premised on a claim under 42 U.S.C. § 1985(3), for conspiracy in the violation of Bezerra's civil rights.

Finally, the plaintiffs argue that the present case should not be dismissed on account of the pending state court proceeding, because the present action is broader than, and raises different issues from, the case pending before the state court. The plaintiffs enumerate the following differences between the two actions: (1) the state action has not named the police officers as defendants; (2) the state action does not include the claim for malicious prosecution; (3) the state action does not encompass the section 1985 cause of action, nor the specific federal constitutional violations under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. If the Court were to deny the defendants' motion, the plaintiffs state that they will move to voluntarily withdraw the state court action, upon the consent of the defendants.

The Court will address each of the issues raised by the parties, after stating the standard applicable when considering a motion to dismiss pursuant to Rule 12(b).

## DISCUSSION

*Applicable Standard Under Rule 12(b)(6).*

On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see also Branum v. Clark,* 927 F.2d 698 (2d Cir.1991). In addition, such a motion is addressed solely to the face of a pleading, and "[t]he court's function . . . is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman,* 754 F.2d at 1067.

In assessing the sufficiency of a pleading on a motion to dismiss, it is well settled that "all factual allegations in the complaint must be taken as true," *La Bounty*

*v. Adler,* 933 F.2d 121, 123 (2d Cir.1991); *Branum,* 927 F.2d at 698; *Cruz v. Robert Abbey, Inc.,* 778 F.Supp. 605, 607 (E.D.N.Y. 1991), and all reasonable inferences must be construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied sub nom. Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989); *see also La Bounty v. Adler, supra.*

### 1. *Statute of Limitations for 42 U.S.C. § 1983.*

The statute of limitations period applicable to § 1983 suits in New York is 3 years, and is borrowed from the general or residual state statute for personal injury actions, CPLR § 214(5). *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), *aff'd* 816 F.2d 45 (2d Cir.1987). This three-year statute of limitations is applicable in false arrest, false imprisonment and malicious prosecution cases brought under section 1983, *despite* the one year statute of limitations specified in CPLR § 215 for similarly named actions brought in state court as intentional torts. *See Owens,* 488 U.S. at 242–49, 109 S.Ct. at 578–81; *see also Conway v. Village of Mt. Kisco, N.Y.,* 750 F.2d 205, 212 (2d Cir.1984), *cert. granted in part sub nom., Cerbone v. Conway,* 474 U.S. 1100, 106 S.Ct. 878, 88 L.Ed.2d 915, and *cert. dismissed as improvidently granted,* 479 U.S. 84, 107 S.Ct. 390, 93 L.Ed.2d 325 (1986); *Singleton v. City of New York,* 632 F.2d 185, 190 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

When the § 1983 claim accrues is a matter of federal law. *Woods v. Candela,* 13 F.3d 574 (2d Cir.1994); *Morse v. University of Vt.,* 973 F.2d 122, 125 (2d Cir.1992); *Singleton,* 632 F.2d at 191. A section 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his section 1983 claim. *Woods,* 13 F.3d at 575; *Pauk v. Board of Trustees,* 654 F.2d 856, 859 (2d Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982); *Singleton,* 632 F.2d at 191. Unless otherwise tolled, a section 1983 claim for

false arrest and false imprisonment will accrue on the date of the alleged false arrest, see *Woods,* 13 F.3d at 575; *Singleton,* 632 F.2d at 191, and a claim for malicious prosecution will accrue upon the termination of the criminal proceeding in favor of the plaintiff. *See Conway,* 750 F.2d at 212; *Singleton,* 632 F.2d at 193.

■ New York's tolling provisions also govern the tolling of the statute of limitations in a section 1983 action. *Woods,* 13 F.3d at 576 (citing *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975)); *Singleton,* 632 F.2d at 191 (citing *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)).

■ In this case, the plaintiffs assert that the tolling provision found in CPLR 215(8) is applicable to all of their federal claims, and defeats any bar by the statute of limitations. Their argument, however, is misplaced. The tolling provision in section 215(8) applies only to the one year statute of limitations applicable in intentional tort claims governed by that specific section. It does not apply to toll and extend the three-year statute of limitations applicable in causes of action governed by section 214. Because section 1983 claims are subject to the statute of limitations provided in section 214, the tolling provision in section 215(8) is inapplicable to such claims.

The plaintiffs have not argued that any of the other tolling provisions provided by New York law are applicable in this case. Accordingly, there being no tolling of the statute of limitations, the plaintiffs federal causes of action under section 1983 will be barred unless they were brought within three years from the date such claims accrued. *See Woods,* 13 F.3d at 576; *Singleton,* 632 F.2d at 191 (reviewing New York CPLR tolling provisions applicable to section 1983 claims).

■ The plaintiffs' excessive force, false arrest and false imprisonment actions occurred on the date of Bezzera's alleged false arrest, September 19, 1989. The Complaint in this case was not filed until May 18, 1993, more than three years after the alleged claims accrued. Accordingly, the plaintiffs causes of action for excessive force, false

arrest and false imprisonment under section 1983, as well as the related conspiracy claims asserted under section 1985(3), are time barred, and are dismissed as a matter of law.

■ The plaintiffs' malicious prosecution claim, however, is not time barred. The criminal proceeding terminated in favor of the Bezerra on July 8, 1992, upon his acquittal by a jury. Contrary to the defendants' assertions, the April 6, 1990 "disposition date" appearing on Bezerra's Notification of Sealing is not when the criminal proceeding terminated. Because the Complaint was brought on May 18, 1993, well within the three year limitation period, the plaintiffs' cause of action for malicious prosecution, as well as the related conspiracy claim under section 1985(3), remains. There is no allegation by the defendant that the malicious prosecution claim is not properly pleaded.

### 2. Section 1983 Claims Against the County.

■ In determining a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court is limited to solely addressing the face of a pleading. *Goldman,* 754 F.2d at 1067. Upon reviewing the Complaint, the Court is of the opinion that the plaintiffs have not properly pleaded a cause of action against the County.

In *Monell v. New York City Department of Social Services,* the United States Supreme Court held that a municipality or county cannot be held liable under section 1983 on a theory of *respondeat superior. See id.,* 436 U.S. at 690, 98 S.Ct. at 2036. Rather, the municipality could only be sued under section 1983 if a municipal policy or custom caused the constitutional injury. *Id.* at 692–96, 98 S.Ct. at 2037–38. Most recently, the Supreme Court also held that a federal court may not apply a "heightened pleading standard" more stringent than the pleading standards imposed by Fed.R.Civ.P. 8 and Fed. R.Civ.P. 9 in a section 1983 claim against a municipality. *See Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit,* —— U.S. ——, ———–——, 113 S.Ct. 1160, 1162–63, 122 L.Ed.2d 517 (1993).

Under the modern rules of pleading expressed in Fed.R.Civ.P. 8, the plaintiff need only aver "a short and plain statement showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice," Fed.R.Civ.P. 8(f). The Complaint, however, does not set forth a "short and plain statement" of County liability under *Monell*. Nowhere does the Complaint allege that Bezerra's constitutional rights were violated because of the County's custom or policy of either allowing the beating, false arrest, imprisonment and wrongful prosecution of Bezerra, or not investigating such practices, or failing to train officers so as to prevent such practices.

Accordingly, the Complaint as against the County must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. *Accord Van Emrik v. Chemung County Dept. of Social Services*, 911 F.2d 863, 868 (2d Cir.1990) (claim against county dismissed where plaintiff failed to adequately allege any custom or policy of county contributed to denial of plaintiff's constitutional rights). The plaintiffs will be given leave to amend their complaint and replead the cause of action against the County.

### 3. *Dismissal of This Case On Account of the Pending State Court Action.*

Where there are parallel federal and state proceedings involving section 1983 causes of action, and where the federal action includes a claim for damages, then the district court must stay the federal proceeding as to the monetary damages portion of the suit until the state court proceedings are completed. *See, e.g., Mack v. Varelas*, 835 F.2d 995, 998 (2d Cir.1987); *Woods, supra*, 13 F.3d at 576 ("*Mack* requires · federal courts to stay rather than dismiss section 1983 actions while relevant state proceedings are pending."); *cf. Deakins v. Monaghan*, 484 U.S. 193, 202, 108 · S.Ct. 523, 529, 98 L.Ed.2d 529 (1988) (in a section 1983 suit seeking equitable and monetary relief, the district court may abstain as to the equitable portion of the suit, but must stay the suit as to the monetary relief pending the outcome of the state court proceeding); *Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir.1981) (same).

Because the instant action is brought under section 1983 and is for monetary damages, the Court ordinarily would stay this action until the completion of the state proceedings, under the doctrine of *Mack*. However, it is the Court's view that the state and federal proceedings in this case are disparate enough so as to not warrant staying the federal action. One difference between this case and the suit brought by the plaintiffs in the state court, is that the state court suit only names the County as a defendant. Another difference is that the state court suit does not allege a cause of action for malicious prosecution. Nor does the state suit allege a cause of action under section 1985(3). A final difference is that in the state court, the plaintiffs can pursue the County's liability based on a theory of *respondeat superior*.

Indeed, because· the plaintiffs' causes of action for excessive force, false arrest and false imprisonment have been dismissed, the only overlap between this case and the state suit is with respect to the County's liability for the alleged malicious prosecution of Bezerra; and for any liability it may have in connection with the assault, battery and intentional infliction of emotional distress on Bezerra. In the Court's view, this overlap is minimal, and does not warrant a conclusion that the two proceedings are parallel.

The Court is also mindful that "abstention from the exercise of federal jurisdiction is the narrow exception, not the rule," *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 14, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983), and that federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Deakins v. Monaghan*, 484 U.S. at 203, 108 S.Ct. at 530.

Finally, the concerns of comity, federalism and efficient judicial administration that underlie federal court abstention in the situation of parallel state-federal proceedings are not implicated in any serious way by the Court's proceeding to the merits of this case. As enunciated in *Moses H. Cone Memorial*

*Hospital,* 460 U.S. at 18–25, 103 S.Ct. at 938–41, and *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), thë district court has the discretion to dismiss or stay a federal action upon considering the following factors, and concluding the factors weigh in favor of deferring to the state court proceeding: (1) assumption by either court of jurisdiction over any res or property; (2) whether the federal forum is any less convenient to the parties than the state forum; (3) whether there is a danger of piecemeal litigation; (4) the order of the two suits; (5) whether federal law provides the rule of decision on the merits; and (6) whether the state court is inadequate to protect the plaintiff's rights.

A consideration of these factors leads the Court to conclude that deference to the state court is not appropriate. This conclusion is compelled by the fact that the danger of piecemeal litigation is minimal, and federal law provides the rule of decision in this case.

Accordingly, the Court will not dismiss or abstain from proceeding with this case.

## CONCLUSION

The defendants' motion to dismiss the Complaint is granted in part, and denied in part. The motion is granted with respect to dismissing the Complaint as against the County for failure to properly state a *Monell* claim. The motion is also granted with respect to dismissing the causes of action in the Complaint for excessive force, false arrest and false imprisonment as a matter of law, because they are time barred. The remaining portion of the defendants' motion is denied.

Accordingly, it is hereby

**ORDERED,** that the defendants' motion to dismiss the Complaint as against Nassau County pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim is granted, with leave to replead; it is further

**ORDERED,** that the defendants' motion to dismiss the Complaint as time barred is granted in part as to the causes of action in the Complaint for excessive force, false arrest and false imprisonment; it is further

**ORDERED,** that the defendants' motion is in all other respects denied; it is further

**ORDERED,** that the causes of action in the Complaint brought under 42 U.S.C. §§ 1983 and 1985(3) for excessive force, false arrest and false imprisonment are dismissed as a matter of law, because they are time barred; and it is further

**ORDERED,** that the plaintiff is given leave to amend the Complaint in order to properly allege a claim against Nassau County under *Monell v. New York City Department of Social Services.* The plaintiff has thirty (30) days from the date of this Order to file an amended complaint.

**SO ORDERED.**