William OAKES, Plaintiff,

v.

Robert COOKE, Individually and in his capacity as a member of the New York State Police, Edward Simser, Individually and in his capacity as a member of the Jefferson County Sheriff's Department, A.P. Oneill, Individually and in his capacity as the Sheriff of Jefferson County, the Jefferson County Sheriff's Department, and the County of Jefferson, Defendants.

No. 93–CV–0406.

United States District Court,
N.D. New York.

July 11, 1994.

O'Connell, Aronwitz Law Firm (Gloria H. Arthur, of counsel), Albany, NY, for plaintiff.

Office of Atty. Gen., State of New York Dept. of Law (Sue Adler, Asst. Atty. Gen., of counsel), Albany, NY, for defendant Cooke.

Woods, Oviatt Law Firm (James P. McElheny, of counsel), Rochester, NY, Jefferson County Atty. (George E. Mead, of counsel), Watertown, NY, for defendant Jefferson County.

### MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

Plaintiff William F. Oakes seeks relief for alleged violations of his constitutional rights under Title 42 U.S.C. 1983. Within his complaint, the Plaintiff alleges that the above named defendants violated his constitutional rights thorough the use of excessive force, by unlawfully searching the plaintiff's room and

car, by falsely arresting and imprisoning the plaintiff, by maliciously prosecuting the plaintiff, by conspiring to "cover-up" the alleged deprivations of plaintiff's constitutional rights, and by depriving the plaintiff of due process of law and the right to a fair trial. Lastly, the complaint alleges that the Jefferson County Sheriff's Department had an institutionalized practice, custom or policy of grossly negligent supervision and deliberate indifference to the actions of the law enforcement officers and personnel of the Jefferson County Sheriff's Department. After a brief recitation of the facts, the court will address these claims individually.

## I. BACKGROUND

On February 25, 1984, William Oakes was approached by two law enforcement officers and escorted to the Jefferson County Sheriff's Department. While at the Sheriff's department, Mr. Oakes was advised of the death of Edward Goulding. The record indicates that Mr. Goulding had been living with William Oakes' estranged wife and daughter and had been found stabbed to death earlier that same day. William Oakes remained at the Sheriff's department until the early hours of the next day, February 26, 1984. At approximately 3 a.m. on February 26, 1984, the police allowed Mr. Oakes to leave the station after he allegedly consented to a search of his car and room. The subsequent search produced no evidence linking Mr. Oakes with the homicide.

In the afternoon of February 26, 1984, police again took William Oakes into custody. Plaintiff alleges that during the course of this custody, defendants Robert Cooke and Edward Simser physically abused him until he confessed to the homicide of Mr. Goulding. The alleged physical abuse consisted of banging the plaintiff's head against the inside of a police vehicle, beating him and discharging a service revolver next to his ear. Based on this confession, the police arrested Oakes in connection with the murder of Mr. Goulding.

Following plaintiff's arrest, the grand jury was convened. During the course of those proceedings, plaintiff alleges that defendants Cooke and Simser conspired to "cover up" numerous purported violations of his consti-

tutional rights by giving false testimony regarding the use of coercive methods to obtain plaintiff's confession and the use of force against him. The grand jury subsequently indicted Oakes on two counts of murder in the second degree.

Plaintiff's first murder trial, commenced in November 1984, resulted in a hung jury. Upon retrial in September 1985, a jury convicted plaintiff of one count of murder in the second degree and the judge sentenced him to a prison term of 25 years to life.

Two months after the retrial had commenced, the Jefferson County grand jury indicted Oakes for perjury based on testimony that plaintiff had given during the course of the first trial. In that testimony, Oakes had alleged violations of his civil rights by defendants Cooke and Simser. Subsequent to plaintiff's conviction and sentence for murder, the District Attorney moved to dismiss the perjury indictment. While the motion to dismiss the perjury indictment was pending Deputy Sheriff David Steyer, one of the officers assigned to the Goulding–Oakes murder investigation, made a statement alleging that defendants Cooke and Simser had admitted to lying about beating Oakes while he was in police custody in order to bolster the criminal case against him. Based on this evidence, the District Attorney dismissed the perjury indictment on March 11, 1986. Following the dismissal of the perjury indictment Deputy Sheriff Richard Burns, who was also assigned to the Goulding–Oakes homicide investigation gave a statement similar to the one given by Deputy Steyer. A departmental hearing was held and deputies Steyer and Burns were found guilty of failing to report knowledge of crimes committed by fellow officers.

In July 1986, a special grand jury was convened to investigate the allegations of police brutality and the subsequent perjury committed by defendants Cooke and Simser. Plaintiff waived immunity and testified before the grand jury. At the proceedings, the grand jury found insufficient evidence to indict defendants Cooke or Simser. However, the grand jury indicted plaintiff Oakes for nine counts of perjury. In addition, it indicted Deputies Steyer and Burns for perjury.

In May 1987, a jury convicted Oakes of six counts of perjury. Deputies Steyer and Burns were acquitted in a separate trial.

Plaintiff appealed both the murder conviction and the perjury convictions. On December 21, 1990, the New York State Appellate Division reversed and vacated plaintiff's murder conviction and dismissed the indictment holding that the People failed to meet their burden of disproving Oakes' alibi defense beyond a reasonable doubt. According to the court, there was no evidence linking Oakes to the murder other than inculpatory admissions and the "confession" to the police. *People v. Oakes*, 168 A.D.2d 984, 564 N.Y.S.2d 931 (1990).

On the same date, the New York State Appellate Division reversed the plaintiff's perjury conviction on the basis that the lower court had committed an error in excluding evidence which might have had a bearing on the plaintiff's ability to commit perjury. In January 1991, plaintiff was released from state prison pending a retrial for perjury. Approximately one year later, the District Attorney dismissed the perjury indictment. Plaintiff commenced the present action on March 29, 1993.

## II. PRESENT MOTIONS

Defendant Cooke has moved under Fed.R.Civ.P. 12(b) to dismiss all but plaintiff's malicious prosecution and false arrest claims. Defendants Simser, O'Neill and Jefferson County have moved for summary judgement under Fed.R.Civ.P. 56 on all plaintiff's claims. However, Local Rule 10(j) requires a movant to annex to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends that there is no genuine issue. Defendants' Simser, O'Neill and Jefferson County have failed to annex the requisite statement to the motion for summary judgment. This court assumes that these defendants intended to submit a rule 12(b) motion to dismiss which they have improperly designated as a motion for summary judgement and will address the motion accordingly.

## III. DISCUSSION

### A. Standard of Review

■ On a Fed.R.Civ.P. 12(b) motion to dismiss the plaintiff's allegations are deemed to be true and must be liberally construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984), cert. denied, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). Although the court does not have to accept mere conclusions of law, the court should accept the plaintiff's description of the occurrence in addition to any conclusions that can reasonably be drawn therefrom. *Murray v. Milford*, 380 F.2d 468 (2d Cir.1967). A complaint should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff cannot in anyway establish a set of facts to sustain his claim which would permit relief. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Bass v. Jackson*, 790 F.2d 260, 262 (2d Cir.1986).

### B. Statute of Limitations

A threshold issue this court must first address is whether the plaintiff's claims for excessive force, unreasonable search and seizure, and false arrest/false imprisonment are barred by the applicable statute of limitations.

■ In New York, section 1983 actions are governed by the three-year statute of limitations period imposed by N.Y.C.P.L.R. § 214. *Owens v. Okure*, 488 U.S. 235, 249, 109 S.Ct. 573, 581, 102 L.Ed.2d 594 (1989). Moreover, the Second Circuit has determined that federal law governs the date of accrual of federal claims, such as those raised here, for statute of limitations purposes. *Woods v. Candela*, 13 F.3d 574 (2d Cir.1994); *Morse v. University of Vermont*, 973 F.2d 122, 125 (2d Cir.1992); *Singleton v. New York*, 632 F.2d 185, 191 (2d Cir.1980), cert. denied, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). Under applicable federal law plaintiff's claims accrued "when [ ] plaintiff knew or had reason to know of the injury which is the basis of his action." *Singleton v. New York*, 632 F.2d at 191. With this standard in mind,

the court will now address the separate claims.

### 1. Excessive Force and Unlawful Search and Seizure

Plaintiff does not dispute that his excessive force and unlawful search and seizure claims normally would have accrued on February 25, 1984 when the defendants allegedly committed the underlying acts. The present claim was not filed until March 29, 1993, over nine years after the applicable statutory time period commenced. Thus, absent unusual circumstances plaintiff's claims would be barred by the three-year statute of limitations. However, plaintiff argues that the doctrine of equitable tolling should apply to toll the statute of limitations thereby permitting the commencement of this action. In order to evaluate plaintiff's tolling claim, we must review the tolling rules applicable to 1983 actions.

■ New York's tolling provisions govern the tolling of the statute of limitations. *Woods v. Candela,* 13 F.3d 574 (2d Cir.1994). New York has codified the circumstances under which limitations periods may be tolled. New York's choice in this regard is binding law. *Board of Regents v. Tomanio,* 446 U.S. 478, 483–85, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980). However, "considerations of state law may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration." *Board of Regents v. Tomanio,* 446 U.S. at 478, 100 S.Ct. at 1795 (quoting *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 465, 95 S.Ct. 1716, 1722–23, 44 L.Ed.2d 295 (1975)).

■ There is no statutory provision for tolling the time for filing a cause of action during the period when a criminal prosecution is pending against the plaintiff. *Singleton v. New York,* 632 F.2d at 191. Moreover, plaintiff's reliance on federal common law tolling principles is misplaced.

Plaintiff advances no argument that federal tolling rules should apply because restricting tolling of his claims to those circumstances covered by New York's tolling rules is inconsistent with the policies underlying

1983. *See Woods v. Candela,* 825 F.Supp. 43, 47 (S.D.N.Y.1993). Instead, plaintiff argues that he did not dare risk filing the 1983 action because to do so would have compelled him to give up his Fifth Amendment right against self-incrimination and would have subjected him to the risk of additional perjury prosecutions. These fears are unfounded as the Second Circuit requires federal district courts to stay rather than to dismiss 1983 actions while state criminal proceedings are pending. *Mack v. Varelas,* 835 F.2d 995, 999 (2d Cir.1987); *Woods v. Candela,* 13 F.3d at 574. Accordingly, this court grants defendants' motion to dismiss plaintiff's claims for excessive force and unreasonable search and seizure on the ground that the statute of limitations has expired.

### 2. False Arrest

■ Unless otherwise tolled, a § 1983 claim for false arrest and false imprisonment will accrue on the date of the alleged false arrest. *Woods,* 13 F.3d at 576; *Singleton v. New York,* 632 F.2d at 191; *Bezerra v. County of Nassau,* 846 F.Supp. 214 (E.D.N.Y. 1994). Plaintiff's claim for false arrest accrued on February 26, 1984 when plaintiff was arrested. As noted above, plaintiff commenced his claim on March 29, 1993. It is therefore barred by the three-year statute of limitations. Accordingly, this court dismisses plaintiff's claim for false arrest against all defendants.

### 3. False Testimony

Contrary to defendants' interpretation of the complaint, plaintiff does not allege an independent claim for false testimony. See Plaintiff's Memorandum of Law at 18; see also Plaintiff's Statement Pursuant to Local Rule 10(j), ¶ 5. Therefore, this court will not address either defendants' motion to dismiss plaintiff's claim for false testimony or defendants' defense of absolute immunity to that claim.

### C. Motion to Dismiss Plaintiff's Claim for Malicious Prosecution

■ The Second Circuit consistently has held that the common law elements of malicious prosecution also form the basis for

imposition of liability under section 1983. *Posr v. Doherty,* 944 F.2d 91, 99 (2d Cir. 1991); *White v. Frank,* 855 F.2d 956, 961 (2d Cir.1988); *Raysor v. Port Authority of New York & New Jersey,* 768 F.2d 34, 40 (2d Cir.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986). In *Albright v. Oliver,* —— U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the Supreme Court acknowledged the validity of section 1983 malicious prosecution claims and held that the right to be free from prosecution without probable cause, which forms the very essence of a malicious prosecution claim, arises under the Fourth Amendment. In order to prove either a § 1983 or state law claim of malicious prosecution, the plaintiff must establish that:

1) the defendant either commenced or continued a criminal proceeding against him;

2) that the proceeding terminated in his favor;

3) that there was no probable cause for the criminal proceeding; and

4) that the criminal proceeding was instituted with actual malice.

*Posr v. Doherty,* 944 F.2d 91, 100 (2d Cir. 1991) (citations omitted). Moreover, the conviction of an accused conclusively establishes the existence of probable cause unless the conviction was obtained by fraud, perjury or other corrupt means. *Cameron v. Fogarty,* 806 F.2d 380 (2d Cir.1986); *Williams v. New York,* 508 F.2d 356 (2d Cir.1974); *see also, White v. Frank,* 855 F.2d 956 (stating that a grand jury indictment is prima facie evidence of probable cause that may be rebutted by proof that the defendant misrepresented, withheld or falsified evidence).

■ Although plaintiff's complaint does not allege a specific constitutional provision under which his malicious prosecution claim arises, construing plaintiff's allegations in the light most favorable to the plaintiff, as required under Fed.R.Civ.P. 12(b), this court will assume that the claim is pled under the Fourth Amendment. Advancing under this assumption, plaintiff has satisfied the procedural pleading requirements for establishing a malicious prosecution claim. *See* Complaint ¶¶. 42–44. Moreover, plaintiff alleges that the prosecution at issue was based upon fraud, perjury or other corrupt means, thereby pleading the necessary exception to rule that conviction is conclusive proof of probable cause. More specifically, plaintiff alleges that the defendants knowingly and maliciously gave false testimony and deliberately and maliciously withheld and suppressed exculpatory information and evidence. *Id.* Deeming these allegations to be true and construing them liberally in the light most favorable to the plaintiff, as required when considering a motion to dismiss, this court finds that the plaintiff's complaint sufficiently states a cause of action for malicious prosecution upon which relief may be granted. Accordingly, the court denies defendants' motion to dismiss plaintiff's claim for malicious prosecution. This does not end our inquiry, however, as there remains the question of whether plaintiff's malicious prosecution claim may support his conspiracy claim.

### D. Motion to Dismiss Plaintiff's Conspiracy Claim

Defendants seek dismissal of plaintiff's conspiracy claim on several grounds which this court will address in turn. At the outset, it should be noted that plaintiff does not specifically allege that defendants' conspired to maliciously prosecute him. However, when the allegations made in the complaint are construed in the light most favorable to the plaintiff, it may be reasonably inferred that the essence of the conspiracy alleged is the malicious prosecution of the plaintiff. *See* Complaint ¶¶. 42–48.

■ First, defendant Cooke moves to dismiss the conspiracy claim on the ground that this court lacks subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Specifically, defendant Cooke argues that the Eleventh Amendment bars claims for money damages against a State officer acting in his official capacity. This argument ignores the well established 1983 jurisprudence which clearly permits the recovery of money damages against individual police officers acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 47, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988).

■ To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and a plaintiff must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. at 48–50, 108 S.Ct. at 2255. The traditional definition of action under the color of state law requires that the defendant in a 1983 action has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of the state." *Id.* (citations omitted). Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. *Id.*

Plaintiff's complaint repeatedly alleges that defendant Cooke is being sued as an individual acting under color of law for violating his constitutional rights. *See, e.g.,* Complaint ¶¶. 1, 39, 41, 43. Thus, plaintiff has met the twofold pleading requirement with respect to defendant Cooke. Deeming the allegations contained within the four corners of the complaint in the light most favorable to the plaintiff, this court denies defendant Cooke's motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

■■■■ Next, defendants allege that plaintiff has failed to state the actual deprivation of a constitutional right required to support a 1983 action for conspiracy. It is well settled that a valid claim under section 1983 requires the "plaintiff [to] allege and prove both a conspiracy and an actual deprivation of constitutional rights; mere proof of a conspiracy is insufficient to establish a section 1983 claim." *San Filippo v. United States Trust Company,* 737 F.2d 246, 256 (2d Cir. 1984). As discussed above, plaintiff has stated a colorable constitutional claim for malicious prosecution, thereby sufficiently pleading the required deprivation of a constitutional right.

■■■ Finally, defendants move to dismiss on ground that the conspiracy claim is barred by the statute of limitations. Under section 1983, the actionable violation is the tortious act itself. *Vonritter v. Bethel,* 1993 WL 83291, at *3 1993 U.S.Dist. LEXIS 3382, at *7 (N.D.N.Y.1993). Therefore, a conspiracy theory must be supported by claims that come within the statute of limitations. *Sin-*

*gleton v. New York,* 632 F.2d at 190. Plaintiff has stated a timely claim for malicious prosecution. Plaintiff's claim for conspiracy to maliciously prosecute accrues when the plaintiff knew or should have known of the alleged constitutional violations. *Singleton,* 632 F.2d at 190. Viewing the allegations in the complaint in the light most favorable to the plaintiff, this court infers that plaintiff could not have known of the alleged conspiracy before the underlying claim of malicious prosecution came into existence on December 21, 1990. Thus, for the reasons stated above, defendants' motion to dismiss plaintiff's conspiracy claim is denied.

### E. Motion to Dismiss the Claim Against Jefferson County

■■■ The Supreme Court enunciated the standard for municipal liability under § 1983 in *Monell v. Dept. of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2050, 56 L.Ed.2d 611 (1978). In *Monell,* the Supreme Court opined that, under § 1983, Congress did not intend to expose municipalities to *respondeat superior* liability for all misdeeds by municipal authorities. *Id.* at 691, 98 S.Ct. at 2036. Rather liability attaches to municipalities only when "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. at 2037. A municipality may also be liable under 1983 for failure to train or supervise its employees. *Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989). The *Harris* court stated that a claim for inadequate training will survive only if "the failure to train amounts to deliberate indifference to the rights of those" with whom the employees may come into contact. *Canton v. Harris,* 489 U.S. at 388, 109 S.Ct. at 1024.

Plaintiff has adequately alleged the above requirements with respect to the Jefferson County Sheriff and Jefferson County. *See* Complaint ¶¶. 49–53. Deeming the plaintiff's allegations to be true, and construing them liberally in the light most favorable to the plaintiff, this court finds that the plaintiff's complaint sufficiently states a cause of action for malicious prosecution against the Jeffer-

son County Sheriff and Jefferson County upon which relief may be granted. Municipal defendants' motion to dismiss plaintiff's *Monell* claim is therefore denied without prejudice.

## IV. CONCLUSION

Based upon the foregoing discussion, the court hereby grants in part and denies in part defendants' motions to dismiss.

Under Fed.R.Civ.P. 12(b)(6) defendants' motion to dismiss plaintiff's claims of excessive force, unreasonable search and seizure and false arrest as barred by the statute of limitations, are granted.

Under Fed.R.Civ.P. 12(b)(6) defendants' motions to dismiss plaintiff's claims of malicious prosecution and conspiracy to maliciously prosecute are denied without prejudice.

Under Fed.R.Civ.P. 12(b)(6) defendants' Jefferson County Sheriff and Jefferson County motion to dismiss the plaintiff's municipal liability claim for malicious prosecution and conspiracy claim is denied without prejudice.

**IT IS SO ORDERED.**